**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————— x

In re Application of POLYGON GLOBAL : 
PARTNERS LLP. for an Order Pursuant to 28 :
U.S.C. § 1782 to Conduct Discovery for Use in a :
Foreign Proceeding, :
                                          :        Case No.: _____
                                          :
                                          :
                     Petitioner. :
                                          :
                                          :
                                          :

————————————————————————— X

**MEMORANDUM OF LAW IN SUPPORT OF**
**_EX PARTE_ APPLICATION FOR AN ORDER**
**PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT**
**<u>DISCOVERY FOR USE IN A FOREIGN PROCEEDING</u>**

Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
(646) 837-5151

_Counsel for Petitioner_

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ..................................................................................................................... 2

    A.    Polygon, MasMovil, Lorca, and KKR LP .......................................................... 2

           1.    *Polygon and Its Affiliates* ........................................................................ 2

           2.    *MasMovil* .............................................................................................. 3

           3.    *Lorca, KKR LP and KKR LP Employees* ............................................... 3

    B.    Factual Background Leading To The Spanish Proceedings ....................................... 4

    C.    Status of the Spanish Proceedings ................................................................... 6

    D.    Discovery Requested ...................................................................................... 6

ARGUMENT .......................................................................................................................... 7

    I.    THE COURT SHOULD GRANT THE APPLICATION AND PERMIT POLYGON TO SERVE THE SUBPOENAS ..................................................................................... 7

    A.    The requirements of Section 1782 are met. .................................................... 7

    B.    The Court should exercise its broad discretion to grant this application. ............. 10

           1.    *The requested discovery may be unobtainable absent relief.* ............................. 11

           2.    *The foreign tribunal would be receptive to the requested discovery.* ................ 11

           3.    *This application is not an attempt to circumvent foreign proof-gathering restrictions.* ........................................................................................... 12

           4.    *The discovery requests are not unduly intrusive or burden-some.* ................... 12

    II.    THE COURT SHOULD SET A SCHEDULE TO GOVERN THIS CASE .................. 14

CONCLUSION ..................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

*Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Intern. (USA) Ltd.*,
 785 F. Supp. 2d 434 (S.D.N.Y. 2011) ........................................................................................ 8

*Brandi-Dohrn v. IKB Deutsche Industriebank AG*,
 673 F.3d 76 (2d Cir. 2012) ................................................................................................ 8, 10

*Daimler AG v. Bauman*,
 571 U.S. 117 (2014) ............................................................................................................... 9

*Gorsoan Ltd. v. Bullock*,
 652 F. Appx. 7 (2d Cir. 2016) ............................................................................................... 11

*In re Accent Delight Int'l Ltd.*,
 869 F.3d 121 (2d Cir. 2017) ............................................................................................... 8, 9

*In re Application of Auto-Guadeloupe Investissement S.A.*,
 2012 WL 4841945 (S.D.N.Y. Oct. 10, 2012) ................................................................... 11, 13

*In re Application of Esses*,
 101 F.3d 873 (2d Cir. 1996) .................................................................................................. 8

*In re Application of Gianoli Aldunate*,
 3 F.3d 54 (2d Cir. 1993) ........................................................................................................ 7

*In re Application of Malev Hungarian Airlines*,
 964 F.2d 97 (2d Cir. 1992) .................................................................................................. 10

*In re Application of Operacion y Supervision de Hoteles, S.A. de C.V. for an Order to Conduct
Discovery for Use in a Foreign Proceeding*,
 2015 WL 82007 (S.D.N.Y. Jan. 6, 2015) ............................................................................. 13

*In re Aso*,
 2019 WL 2345443 (S.D.N.Y. June 3, 2019) ......................................................................... 11

*In re Bayer AG*,
 146 F.3d 188 (3d Cir. 1998), *as amended* (July 23, 1998) ................................................... 12

*In re del Valle Ruiz*,
 939 F.3d 520 (2d Cir. 2019) ................................................................................................... 9

*In re Edelman*,
 295 F.3d 171 (2d Cir. 2002) ................................................................................................. 10

*In re Euromepa*,
    51 F.3d 1095 (2d Cir. 1995)......................................................................... 9, 10, 11, 12

*In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C.*
*§1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings*,
    2016 WL 702327 (S.D.N.Y. Feb. 18, 2016)........................................................... 13

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004)................................................................................... *passim*

*Mees v. Buiter*,
    793 F.3d 291 (2d Cir. 2015)................................................................................ 8, 12

*Oppenheimer Fund, Inc. v. Sanders*,
    437 U.S. 340 (1978)) ......................................................................................... 13

*S.E.C. v. Rorech*,
    720 F. Supp. 2d 367 (S.D.N.Y. 2010)................................................................... 3

**Statutes**

28 U.S.C. § 1782.............................................................................................. *passim*

**Rules**

Fed. R. Civ. P. 26 ................................................................................................ 12, 13

**Other Authorities**

Jason Carrs, KKR LP Website,
    https://www.kkr.com/our-firm/leadership/jason-carss [last accessed March 18, 2021]............. 4

KKR LP Website,
    available at https://www.kkr.com/our-firm/locations [last accessed on March 18, 2021] ....... 10

Terence Gallagher, KKR LP Website,
    https://www.kkr.com/our-firm/leadership/terence-gallagher [last accessed March 18, 2021]... 4

## PRELIMINARY STATEMENT

This is an application for leave to serve discovery under 28 U.S.C. § 1782 and for entry of a scheduling order to ensure orderly compliance and consideration of any objections from Respondents.

Section 1782 allows persons with "an interest" in foreign proceedings to obtain, *ex parte*, an order of the District Court permitting them to take discovery from persons and entities found within the District "for use" in the foreign proceedings.  The relevant statutory criteria are all met here, and all the discretionary factors weigh in favor of discovery.  Moreover, given the anticipated timetable abroad, there is good cause to set a compliance schedule.

Petitioner Polygon Global Partners LLP ("Petitioner") is the complainant in two actions in the Spanish *Audiencia Nacional* ("Spanish National High Court*"*) brought to challenge administrative decisions of the Spanish National Securities Market Commission (*Comisión Nacional del Mercado de Valores,* hereafter "CNMV"), by which the CNMV authorized Lorca Telecom BidCo, S.A.U. ("Lorca") to take over and delist Spanish telecommunications company, MasMovil Ibercom, S.A. ("MasMovil").  Petitioner, the investment manager of two funds that owned minority shares and swap interests in MasMovil, alleges in Spain that the CNMV breached Spanish law by approving an inadequate bid.

By way of this application, Petitioner seeks an order from this Court permitting it to serve document and deposition subpoenas on the subsidiary of an American global investment company – Kohlberg Kravis Roberts & Co. LP ("KKR LP") – and two individuals, Jason Carss ("Carss"), and Terence Gallagher ("Gallagher").  Along with two other entities (Cinven and

Providence Equity Partners), KKR LP indirectly owns and controls Lorca, the take-over bidder.[1]

Carss and Gallagher are KKR LP employees who are found in New York and serve on the board

of KKR Europe V S.à rl, a KKR LP affiliate involved in the bid.  Thus, as detailed herein, all

three respondents are "found" in this District, and all of them likely possess information and

documents relevant to the Spanish actions and concerning the MasMovil takeover.

 Courts in this District routinely enter *ex parte* orders granting Section 1782 discovery in

analogous circumstances, and the Court should do so here, permitting Petitioner to serve

subpoenas upon KKR LP and Messrs. Carss and Gallagher.

# BACKGROUND

 **A.  Polygon, MasMovil, Lorca, and KKR LP**

  *1.  Polygon and Its Affiliates*

Petitioner is an investment fund manager founded in 2002.  Ex. 5[2] at 5.   It manages $1.4

billion on behalf of investors.  *Id.*  Petitioner's parent company is Tetragon Financial Group

Limited, a public company traded on the London and Amsterdam stock exchanges.  *Id*.

 Petitioner invested in MasMovil on behalf of two funds — Polygon European Equity

Opportunity Master Fund (the "European Fund") and Blackwell Partners LLC – Series A (the

"Blackwell Fund").  Ex. 5 at 1, 5; Ex. 7 at 22.  Petitioner is the plaintiff in the Spanish suits.

Exs. 4 and 5; Almoguera Decl. ¶¶ 12-19.

 Until September 30, 2020, the European Fund was a minority shareholder of MasMovil,

and, on that date, had an interest of over 2,564,568 shares, through physical shares and two

---

[1] Polygon is also seeking Section 1782 discovery from Providence Equity Partners through parallel filings
in the United States District Court for the District of Rhode Island.

[2] References to "Ex." Refer to the exhibits attached to the accompanying declaration of Vincent Levy.

swaps, (approximately 1.947% of MasMovil's share capital at the time).[3]  Ex. 5 at 6.  The

Blackwell Fund had an interest of over 1,435,432 shares of MasMovil (approximately 1.089% of

MasMovil's share capital at the time) through one swap.  *Id*.  When the takeover bid was

approved by CNMV, Polygon sold its physical shares and settled the swaps.

2.  *MasMovil*

Until the take-over challenged in the Spanish actions, MasMovil was a public limited

company registered and domiciled in Spain.  It was incorporated in 1997 for the purpose of,

among other things, providing telecommunications services.  Ex. 7 at 14 – 15.  MasMovil was

listed on the Spanish stock exchange from 2017 until late 2020.  Ex. 5 at 6.  According to public

documents, prior to the take-over, MasMovil's share capital was worth 2.6 billion euros.  Ex. 6 at

16.  On November 3, 2020, after the takeover of MasMovil, MasMovil's shares were delisted

under Spanish law in light of two CNMV decisions challenged in Spain.  Almoguera Decl. ¶¶ 13,

14 - 18.

3.  *Lorca, KKR LP and KKR LP Employees*

Lorca, the bidder that launched the takeover of MasMovil, is indirectly owned by KKR

LP, Cinven, and Providence Equity Partners.  Ex. 5 at 1.  Lorca was specifically created for the

purposes of making and implementing the take-over bid and purchasing MasMovil's shares.  Ex.

6 at 24.

KKR LP is a leading American global investment firm that advises "private equity funds

and other investment vehicles that invest capital for long-term appreciation, primarily either

---

[3] Briefly, a swap, also known as a "swap contract" or "equity swap" involves an agreement between a 'buyer' and a 'seller' to exchange the difference between the current price of an underlying asset (shares, currencies, commodities, indices, etc.) and its price when the contract is closed.  *See S.E.C. v. Rorech*, 720 F. Supp. 2d 367, 404 (S.D.N.Y. 2010).

through controlling ownership of companies or minority positions." Ex. 10 at 4. KKR LP maintains its principal place of business at 30 Hudson Yards in New York City, New York. Ex. 8 at 1. Representatives from KKR LP were actively involved in analyzing and formulating the Lorca bid. Ex. 7 at 58 - 60. KKR LP representatives also negotiated and entered into certain "additional compensation" agreements with shareholders of MasMovil that are at issue in the Spanish suits. Ex. 5 at 47– 49; Ex. 7 at 63.

Jason Carss and Terence Gallagher reside in New York and are employees of KKR LP. Carrs joined KKR LP in 2008 and is the Managing Director of Legal, based out of KKR LP's New York office.[4] Gallagher joined KKR LP in 2005 and is a Managing Director on the Finance team, based out of KKR LP's New York office.[5] Beyond being KKR LP employees, both are also members of the board of directors of KKR Europe V S.à rl, a KKR LP affiliate described in the Prospectus as involved in the MasMovil bid.[6] Ex. 7 at 9.

**B. Factual Background Leading To The Spanish Proceedings**

Petitioner alleges in Spain that the CNMV breached Spanish law by, *inter alia*, authorizing the takeover of MasMovil at an inadequate price and without regard to conflicts of interest. In this section, we set forth briefly the background facts of the Spanish proceedings,

---

[4] *See* Jason Carrs, KKR LP Website, https://www.kkr.com/our-firm/leadership/jason-carss [last accessed March 18, 2021].

[5] *See* Terence Gallagher, KKR LP Website, https://www.kkr.com/our-firm/leadership/terence-gallagher [last accessed March 18, 2021].

[6] The Prospectus notes that through a "Collaboration Agreement," "(i) Cinven Capital Management (VII) General Partner Limited, in its capacity manager of the Seventh Cinven Fund, (ii) KKR Europe V S.à rl, ultimately manager of the KKR Investors, (iii) PEP [Providence Equity Partners] VII-A International Ltd., in its capacity as manager of the Providence VII Investors, and (iv) PEP VIII International Ltd., in its capacity as manager of the Providence VIII Investors (collectively, the Ultimate GPs) … acquire[d] control of MasMovil." Ex. 6 at 29.

while respectfully referring the Court to one of Petitioner's Spanish complaints (Ex. 5) for a more complete background.

Spanish law prescribes certain procedures that must be followed before a bidder can obtain regulatory approval to delist an acquisition target with shares that trade in Spain. As a general rule, a company wishing to delist its shares must receive the approval of its shareholders and launch an offer to purchase those shares. Nevertheless, Spanish law provides some exceptions to this rule. Most relevant here is a provision of the Spanish takeover law permitting companies to delist their shares if a prior takeover was conducted at a price approved by the CNMV. Under Spanish law, the CNMV must adhere to strict limitations to provide such approval, including a review of the proposed price to be paid.

On June 1, 2020, Lorca filed a request for CNMV authorization to launch a takeover bid for MasMovil, while announcing an intention to delist MasMovil using this exception. Lorca's request was accompanied by, among other things, a takeover prospectus attaching a valuation report issued by PricewaterhouseCoopers (the "PwC Report"). On July 29, 2020, the CNMV approved Lorca's takeover bid.

Following the CNMV's approval, Lorca conducted its offer and obtained an 86.4% stake in MasMovil. Then, at a meeting of shareholders in October 2020, MasMovil's shareholders voted to delist MasMovil (which was a fait accompli given Lorca's control). MasMovil then asked the CNMV for approval to delist itself; the CNMV granted approval (based on its prior approval of Lorca's offer) on October 30, 2020, and MasMovil was then delisted.

In the Spanish proceedings, Petitioner is challenging two orders of the CNMV: the July 29, 2020 order approving Lorca's bid, (Ex. 4) and the October 30, 2020 order approving MasMovil's application to delist its shares (Ex. 6). In brief, Petitioner alleges, *inter alia*, that the

CNMV violated Spanish law by authorizing the takeover (1) at an inadequate price; (2) without adequately reviewing relevant background materials; (3) based on a superficial analysis of relevant valuation information; and (4) while failing to take into account certain conflicts of interest.  Ex. 5.

### C.  Status of the Spanish Proceedings

Under Spanish law, to challenge an administrative decision in court, a complainant must first file a writ requesting production of the relevant administrative file.  Almoguera Decl. ¶ 9. Once the administrative file is received, the Complainant has 20 business days to file the complaint and accompanying evidence.  *Id*.

On September 29, 2020, Polygon filed a writ seeking the administrative file in relation to CNMV's July 29, 2020 order.  Ex. 4.  Polygon received the file but challenged it as incomplete. That challenge was resolved, and Polygon proceeded to file its first complaint on February 3, 2021.  *See* Ex. 5.

Polygon also filed a writ to contest CNMV's order approving MasMovil's delisting.  Ex. 6.  Polygon received the administrative file, but again it was incomplete, so Polygon again requested documents it believed to be missing.  The request for the missing documents is pending.  Once Polygon receives a response to this challenge, it will likely have 18 business days to file its complaint, along with the documents in its possession on which it intends to rely.

### D.  Discovery Requested

Petitioner seeks discovery here to support its claims in both Spanish proceedings. Specifically, Petitioner seeks information related to the valuation of the take-over, including materials related to the PwC Report, materials related to a fairness opinion rendered by Goldman Sachs, other documents relating to the takeover share price including information about the transactions that MasMovil entered after the takeover, and information regarding the

relationships between MasMovil's directors, KKR LP, Carss, Gallagher, PwC and Goldman

Sachs.  Petitioner seeks deposition testimony on the same subjects, at a time following the

production of the documents being sought.  *See generally* Exs. 1, 2 and 3.

Discovery is sought from KKR LP and its employees in New York, Carss and Gallagher,

because it is clear from the Prospectus that they were actively involved in analyzing and

formulating Lorca's bid, including via due-diligence reviews.  Ex. 7 at 59.  KKR LP

representatives also negotiated and entered into agreements challenged in the Spanish action.

Ex. 5 at 47 – 49; Ex. 7 at 58 – 63.  As members of the board of directors of KKR Europe V

S.à rl, the entity described in the Prospectus as controlling decisions of KKR Investors, Carss and

Gallagher are likely to have knowledge or possession of the information sought.

## ARGUMENT

## I.   THE COURT SHOULD GRANT THE APPLICATION AND PERMIT POLYGON TO SERVE THE SUBPOENAS

### A.  The requirements of Section 1782 are met.

Section 1782 is designed to assist applicants in obtaining evidence in the United States

that is useful to proceedings in foreign jurisdictions.  The statute provides, in relevant part:

> The district court of the district in which a person resides or is
> found may order him to give his testimony or statement or to pro-
> duce a document or other thing for use in a proceeding in a foreign
> or international tribunal, including criminal investigations con-
> ducted before formal accusation.  The order may be made . . . upon
> the application of any interested person and may direct that the
> testimony or statement be given, or the document or other thing be
> produced, before a person appointed by the court.

28 U.S.C. § 1782(a).  Courts have long recognized that the statute has "broad applicability" to

litigation with international aspects.  *In re Application of Gianoli Aldunate*, 3 F.3d 54, 57 (2d

Cir. 1993).  By providing broad relief to participants in international disputes, Congress sought

to "encourag[e] foreign countries by example to provide similar means of assistance to our courts." *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 81 (2d Cir. 2012) (citation omitted).

To invoke Section 1782, an applicant must meet three statutory requirements:

> (1) the applicant must be a foreign tribunal or an "interested person;"
>
> (2) the discovery must be "for use in a proceeding" before the foreign tribunal; and
>
> (3) the application for discovery must be made in the district where the person from whom discovery is sought "resides or is found."

*Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citation omitted); *accord In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017).   Petitioner's application satisfies each condition.

*First*, Petitioner is a party to the two Spanish proceedings.  That makes Petitioner an "interested person" under the statute.  *See Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Intern. (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011) (litigant in a foreign action qualifies as "interested person"); *see also In re Application of Esses*, 101 F.3d 873, 875 (2d Cir. 1996) (*per curiam*) (quoting the legislative history of Section 1782, which makes clear that parties to foreign proceedings are "interested persons" under the statute (citation omitted)).

*Second*, the discovery being requested is "for use" in, and specifically tailored to, the Spanish suits, which are undoubtedly "proceeding[s] in a foreign . . . tribunal" within the meaning of Section 1782.  To satisfy the "for use" criterion, Petitioner need only show that the discovery "will be employed with some advantage or serve some use in the [foreign] proceeding — not necessarily [that it is] something without which [they] could not prevail," and the evidence need not be admissible in the foreign proceedings.  *Mees*, 793 F.3d at 298.  Moreover,

the foreign proceedings can be either pending or reasonably contemplated.  *Intel Corp. v.*

*Advanced Micro Devices, Inc*., 542 U.S. 241, 247 (2004).

Here, the discovery being sought will assist Petitioner in substantiating its claims in the

Spanish proceedings, and Petitioner will therefore have the "practical ability" to place the

Section 1782 discovery before the Spanish courts (Almoguera Decl. ¶¶ 8, 10, 11) — which is all

that is required.  *See In re Accent Delight*, 869 F.3d at 131–32.  Moreover, the Spanish National

High Court, a judicial body with fact-finding and adjudicatory powers, undoubtedly is a "foreign

. . . tribunal" under Section 1782.  *See, e.g.*, *Intel*, 542 U.S. at 258 ("We have no warrant to

exclude the European Commission, to the extent that it acts as a first-instance decisionmaker,

from § 1782(a)'s ambit.");  *In re Euromepa*, 51 F.3d 1095, 1102 (2d Cir. 1995) (district court

abused its discretion in denying Section 1782 discovery for use in proceeding before French

commercial court); *see also* Almoguera Decl. ¶¶ 4-6.

*Third*, Petitioner seeks to serve subpoenas on persons and entities that reside or are found

in this District.  To evaluate where a corporate entity is "found," under Section 1782, courts look

to whether there is personal jurisdiction over the relevant corporate entity.  *In re del Valle Ruiz*,

939 F.3d 520, 528 (2d Cir. 2019) ("[Section] 1782's "resides or is found" language …extends to

the limits of personal jurisdiction consistent with due process.").  KKR LP's Form ADV, filed

with the SEC on February 4, 2021, states that its "Principal Office and Place of Business" is 30

Hudson Yards, New York, New York.  Ex. 9 at 1.  This means there is personal jurisdiction over

KKR LP, and that it is thus "found" in this District.  *Daimler AG v. Bauman*, 571 U.S. 117, 137

(2014) ("With respect to a corporation, the place of incorporation and principal place of business

are [a] paradig[m] ... bases for general jurisdiction." (citation and internal quotation marks

omitted)).

Messrs. Carss and Gallagher are also "found" in this District.  Public records reveal that

both Carrs and Gallagher are employed by and work from KKR LP's New York office.  KKR

LP's only office in New York is located at 30 Hudson Yards, New York, which is within this

District.[7]  Accordingly, both Carrs and Gallagher are or can be "found" here.  *See In re Edelman,*

295 F.3d 171, 179-80 (2d Cir. 2002) (natural person is "found" in this District if physically

located here).

**B.  The Court should exercise its broad discretion to grant this application.**

Where, as here, the statutory requirements for Section 1782 are met, the Court has "broad

discretion" to grant the requested discovery.  *Euromepa*, 51 F.3d at 1102; *see also Brandi-*

*Dohrn*, 673 F.3d at 80 ("Once the statutory requirements are met, a district court is free to grant

discovery in its discretion." (citation and internal quotation marks omitted)).  Courts are required

to exercise their discretion in accord with the "twin aims" of Section 1782, which are "providing

efficient means of assistance to participants in international litigation in our federal courts and

encouraging foreign countries by example to provide similar means of assistance to our

courts[.]"  *In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992).

In exercising its discretion, this Court should consider the four factors identified by the

Supreme Court in *Intel Corp. v. Advanced Micro Devices*:  (1) whether a foreign court could

order production of the requested evidence; (2) whether the nature or character of the foreign

tribunal or proceeding indicates that the tribunal would not be receptive to U.S. discovery;

(3) whether it appears that the applicant may be attempting to circumvent foreign discovery

---

[7] *See* KKR LP Website, available at https://www.kkr.com/our-firm/locations [last accessed on March 18, 2021].

limits; and (4) whether application of the statute would be "unduly intrusive or burdensome."
542 U.S. at 264-65.  These factors all support Petitioner.

> ### 1.  *The requested discovery may be unobtainable absent relief.*

The first *Intel* factor requires a practical inquiry into the applicant's ability to obtain
evidence without the aid of U.S. courts.  Neither KKR, Carss, nor Gallagher are parties to the
Spanish proceedings.  As *Intel* recognized, U.S. courts' assistance in discovery is most apparent
where discovery is sought from a non-participant in a foreign action: "[N]onparticipants in the
foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their
evidence, available in the United States, may be unobtainable absent § 1782(a) aid."  542 U.S. at
264.  Moreover, Petitioner's ability to obtain information in Spain is far more limited than it is
under Section 1782 and the Federal Rules.  *See* Almoguera Decl. ¶¶ 7.

Accordingly, this factor weighs in favor of granting discovery.  *See, e.g.*, *Gorsoan Ltd. v.
Bullock*, 652 F. Appx. 7, 9 (2d Cir. 2016) ("Indisputably, Remmel, Smith, and RIGroup are not
parties to the Cyprus proceedings, and so the first *Intel* factor weighs in favor of discovery
against them."); *In re Aso*, 2019 WL 2345443, at *5 (S.D.N.Y. June 3, 2019) (first factor "favors
allowing" discovery because "none of the subpoena targets is a party to the pending litigation").

> ### 2.  *The foreign tribunal would be receptive to the requested discovery.*

The second *Intel* factor focuses on whether the foreign tribunal would be receptive to the
Section 1782 discovery sought.  *Intel*, 542 U.S. at 264-65.  "Second Circuit case law places the
burden on the party opposing discovery to show that a foreign court would *not* be receptive to
[Section 1782] assistance."  *In re Application of Auto-Guadeloupe Investissement S.A.*, 2012 WL
4841945, at *6 (S.D.N.Y. Oct. 10, 2012).  And that heavy burden can be carried only with
"authoritative proof that a foreign tribunal would reject evidence obtained with the aid of
[S]ection 1782."  *Euromepa*, 51 F.3d at 1100.  Thus, "[a]bsent 'a forum country's judicial,

-11-

executive or legislative declarations that specifically address the use of evidence gathered under foreign procedures,'" a district court should exercise its discretion in favor of discovery. *Id.* at *7 (citation omitted).

United States courts repeatedly have held that Spanish courts are amenable to receive evidence obtained by litigants under Section 1782. For example, in a recent decision addressing the receptivity of Spanish courts to evidence gathered pursuant to Section 1782, the Southern District of New York held that it was "not aware of any authoritative statement indicating that . . . the Spanish courts . . . would be unreceptive to information obtained through the assistance of United States courts." *Id.* And in *In re Bayer AG*, the Third Circuit reversed for abuse of discretion a district court's refusal to grant discovery for use in Spanish proceedings where "the evidence presented to the district court strongly suggested receptivity by the Spanish court." 146 F.3d 188, 196 (3d Cir. 1998), *as amended* (July 23, 1998). This factor thus supports Petitioner.

> 3. *This application is not an attempt to circumvent foreign proof-gathering restrictions.*

The instant application does not implicate Spanish proof-gathering restrictions Almoguera Decl. ¶¶ 8. To the contrary, as noted already, U.S. courts have consistently provided assistance to Spanish proceedings by granting Section 1782 discovery. See pp. 11-12, *supra*. Thus, there could be no showing here, let alone by "authoritative" proof, that this petition seeks to circumvent relevant proof-gathering restrictions. *See, e.g., Euromepa*, 51 F.3d at 1100. This means the third *Intel* factor also weighs in favor of granting discovery.

> 4. *The discovery requests are not unduly intrusive or burden-some.*

The fourth *Intel* factor asks whether the scope of discovery sought is not unduly broad, an analysis guided by Rule 26 of the Federal Rules of Civil Procedure. *See Mees*, 793 F.3d at 302. In line with the Federal Rules, Section 1782 permits "'discovery regarding any nonprivileged

matter that is relevant to any party's claim' to the extent that the discovery appears 'reasonably calculated to lead to the discovery of admissible evidence.'" *Auto-Guadeloupe Investissement S.A.*, 2012 WL 4841945, at *4 (quoting Fed. R. Civ. P. 26(b)(1)). "This standard 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *In re Application of Operacion y Supervision de Hoteles, S.A. de C.V. for an Order to Conduct Discovery for Use in a Foreign Proceeding,* 2015 WL 82007, at *4 (S.D.N.Y. Jan. 6, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The requests here fall well within the broad limits of permissible discovery under the Federal Rules and Section 1782. The subpoenas request information that is directly relevant to Petitioner's claims in the Spanish litigation. *See* Exs. 1, 2, and 3 (form of subpoena). As set forth in the declaration of Jesús Almoguera García, and as can be confirmed with a review of the Spanish complaint (Ex. 5), the discovery being sought is expected to lead to relevant evidence and information that the Spanish National High Court should consider in determining Petitioner's appeal of the CNMV's decision to authorize Lorca's takeover of MasMovil. Almoguera Decl. ¶¶ 22 - 24. And, given the nature of the discovery sought, the interests at stake, and the central role of KKR LP, Carss, and Gallagher in negotiating and facilitating the takeover bid, the discovery sought is both reasonable and proportionate.

Moreover, to the extent KKR, Carss and/or Gallagher have any objections to the scope of discovery, these can be resolved either in negotiation with Petitioner or, if necessary, through motion practice following service of the subpoena, and with the benefit of attempted negotiations. *See In re Ex Parte Application of Porsche Automobil Holding SE for an Order Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign*

*Proceedings*, 2016 WL 702327, at *1 n.3 (S.D.N.Y. Feb. 18, 2016) (noting that 1782 applications are "typically or, at least, frequently" granted *ex parte* "because all questions with respect to the propriety of the grant of leave and with respect to the content to the subpoenas are available to every subpoenaed party via a motion to quash or the defense of an application to compel compliance with the subpoenas" (citations omitted)).  At this juncture, it is appropriate to permit Petitioner to serve a subpoena and hear from KKR, Carss, and/or Gallagher whether they have objections.

## II.   THE COURT SHOULD SET A SCHEDULE TO GOVERN THIS CASE

The Court should also enter an order setting a schedule for the consideration of any objections that KKR LP and Messrs. Carss, and Gallagher may have to the subpoenas or their scope, directing Respondents to retain their documents, and requiring prompt production of any discovery as to which there are no objections.  Section 1782 makes clear that the procedures governing this petition is within the discretion of this Court.  As noted above, Petitioner is awaiting a response on its request for missing documents in its challenge to the CNMV's delisting decision, and will only have 18 business days once it receives the response to submit its complaint with supporting documents.  It is thus important and efficient to set a schedule so that Respondents may interpose any objections to providing discovery or to the scope requested, and for them to promptly produce any discovery that they do not object to producing.  For that reason, we respectfully request entry of the proposed scheduling order submitted herewith.

## CONCLUSION

For the reasons set forth above, Petitioner respectfully requests that this Court enter an order, pursuant to 28 U.S.C. § 1782, granting leave to conduct the requested discovery, and setting a schedule for compliance and consideration of any objections to discovery.

DATED:   New York, New York
         March 23, 2021

HOLWELL SHUSTER &
   GOLDBERG LLP

By: /s/ Vincent Levy

   Vincent Levy, Esq.
   Prishika Raj, Esq.

   425 Lexington Avenue
   New York, New York 10017
   Tel.: (646) 837-5151
   Email: vlevy@hsgllp.com


   *Attorneys for Petitioner*