**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— x
In re Application of POLYGON GLOBAL  :
PARTNERS LLP for an Order Pursuant to 28  :  Case No.: _21-mc-364_
U.S.C. § 1782 to Conduct Discovery for Use in a  :
Foreign Proceeding,  :
    :
       Petitioner.  :
——————————————————————— X

## [PROPOSED] ORDER GRANTING JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782 AND SETTING SCHEDULE

THIS CAUSE came before the Court upon the Application of Polygon Global Partners LLP ("Petitioner" or "Polygon") for Judicial Assistance Pursuant to 28 U.S.C. § 1782 ("Application"). The Court, having considered the Application, the supporting materials, and otherwise being fully advised in the premises, finds as follows:

  A.  Petitioner has met the requirements under 28 U.S.C. § 1782 for granting the requested judicial assistance and relief.

  B.  For purposes of the instant Application, Kohlberg Kravis Roberts & Co. LP, Jason Carss, and Terence Gallagher reside or are found in the Southern District of New York.

  C.  The discovery sought through this Application is for use in foreign proceedings.

  D.  Petitioner, a party-litigant in the foreign proceedings, is an interested person within the meaning of Section 1782.

  E.  The discretionary factors described by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004), sufficiently appear to weigh in favor of granting the requested assistance.

  F.  More particularly, based on the present record (and without prejudice to any of Respondents' objections) (1) the requested discovery appears not to be obtainable through an

order from the foreign court; (2) there is no indication the foreign court would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not appear to conceal an attempt to circumvent foreign proof-gathering restrictions; and (4) the Application appears to seek discovery that is not unduly intrusive, or burdensome.

        G.        In light of the Court's discretion and authority under Section 1782, there is good cause to set a schedule for the orderly consideration of any objections Respondents may have to the discovery requests authorized to be served hereunder, and for compliance thereto.

        Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

        1.        The Application is **GRANTED**.

        2.        Any discovery taken pursuant to this Order will be governed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

        3.        Petitioner's request for leave to conduct discovery, including leave to serve subpoenas substantially similar in form to Exhibits 1, 2 and 3 to the declaration of Vincent Levy is **GRANTED.**  The subpoenas shall include as an attachment a copy of this Order.

        4.        In light of the time-sensitive nature of Petitioner's request, the following deadlines shall govern discovery, unless modified by order of this Court or otherwise agreed in writing by the Petitioner:

        a. Promptly upon receiving service of the subpoenas, Respondents shall meet and confer in good faith with counsel for Petitioner to seek to identify and address any objections Respondents may have to the subpoenas, and to identify suitable search parameters and search terms for compliance, bearing in mind the timetable for Petitioner to be able to timely use information sought by the subpoenas.

        b. Responses and objections to the subpoenas, and any motion to quash, shall be served within 14 days of service of the subpoenas.  Such motion to quash shall include any and all objections to providing discovery, including not just objections under Section 1782 or *Intel*, but also all other objections under the Federal Rules, including with respect to the scope of discovery requested or the burdens purportedly imposed.  Any objection not identified within 14 days

will be deemed waived.  Moreover, to the extent each Respondent does wish to interpose objections, those objections shall identify with specificity those parts of the requests as to which each Respondent has no objection.  *See* Fed. R. Civ. P 34(b)(2)(B) & (C).

    c.  In the event that any Respondent moves to quash, Petitioner's opposition papers shall be due within 7 days of service of any motion to quash, and Respondent's reply shall be due within 3 days of service of Petitioner's opposition.

    d.  Respondents shall substantially complete their production of responsive documents within 14 days of service of the subpoenas or, if a motion to quash is made, within 48 hours of a ruling on any motion to quash; provided that, as to any subset of responsive documents not subject to any objections or a motion to quash, those documents shall be produced within 14 days of service of the subpoenas.

5.    Respondents are directed to take all steps reasonably necessary to retain all documents in their possession, custody, or control (including, without limitation those in the possession, custody or control of any subsidiaries or agents) that are or may be responsive to the subpoenas or otherwise relevant to this Application or the foreign proceedings until such time as Petitioner communicates to them that the preservation is no longer necessary or until further order of this Court.

6.    Nothing in this Order should be construed to present or otherwise foreclose Petitioner or any of the Respondents from seeking modification of this Order or leave of the Court to serve any additional subpoena on a person or entity.

IT IS SO ORDERED, this  25th  day of March, 2021.

_____
UNITED STATES DISTRICT COURT JUDGE
Edgardo Ramos, New York, NY