## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Application of

POLYGON GLOBAL PARTNERS LLP,

Applicant.

Case No. 21-mc-00364-ER

**STIPULATED
PROTECTIVE ORDER**

**WHEREAS**, on March 23, 2021, petitioner Polygon Global Partners LLP (**"Applicant"**) commenced the above-captioned proceeding by filing an *ex parte* application pursuant to 28 U.S.C. § 1782 for leave to serve six subpoenas (the **"Subpoenas"**) on respondents Kohlberg Kravis Roberts & Co. L.P. (**"KKR"**), Jason B. Carss (**"Carss"**), and Terence P. Gallagher ("**Gallagher**," and, with KKR and Carss, the **"Respondents"**), and the Subpoenas sought the production of documents and testimony in connection with certain proceedings (defined below) before Spain's National High Court (*Audiencia National*) (*see* Dkt. No. 9);

**WHEREAS**, the Subpoenas seek to compel Respondents to produce documents and testimony that are likely to contain confidential, proprietary, personal, or private information;

**WHEREAS**, on March 25, 2021, this Court entered an *ex parte* order authorizing Applicant's counsel to serve the Subpoenas on Respondents (Dkt. No. 14);

**WHEREAS**, on March 26, 2021, Applicant served the Subpoenas on KKR;

**WHEREAS**, on April 16, 2021, Respondents moved to quash the Subpoenas (Dkt. No. 18);

1

**WHEREAS**, on April 23, 2021, Applicant opposed the motion to quash (Dkt. No. 25), and on April 29, 2021, Respondents filed their reply in further support of their motion to quash (Dkt. No. 29);

**WHEREAS**, on May 25, 2021, this Court issued its memorandum decision and order (the "**Decision**") denying in part and granting in part the motion to quash (Dkt. No. 33);

**WHEREAS,** in the Decision, the Court directed Applicant and Respondents to meet and confer regarding an appropriate protective order by June 15, 2021;

**WHEREAS**, the Parties have met and conferred regarding the scope of discovery and the content of this Stipulated Protective Order (the "**Order**"); and

**NOW, THEREFORE**, the Parties hereby stipulate to and petition the Court to enter the following Order:

1   **DEFINITIONS**

The following definitions apply for the purposes of this Order.

1.1   **Action**:  The above-captioned action.

1.2   **Confidential Discovery Material**:   Any Discovery Material designated as "Confidential" pursuant to Section 3.1 of this Order.

1.3   **CNMV**:  Spanish National Securities Market Commission (*Comisión Nacional del Mercado de Valores*).

1.4   **Discovery Material**:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained, that are produced in connection with any discovery in this Action.

1.5   **Data Protection Discovery Material**:   Any Discovery Material designated as "Data Protection Confidential" pursuant to Section 3.2 of this Order.

1.6   **Final Disposition**:  Final dismissal of all claims and defenses in the Spanish Actions, with or without prejudice, after the completion and exhaustion of all appeals of the Spanish Actions, including the time limits for filing any motions or applications for an extension of time pursuant to applicable law.

1.7   **Highly Confidential Discovery Material**:  Any Discovery Material designated as "Highly Confidential" pursuant to Section 3.3 of this Order.

1.8   **Parties**: Applicant and Respondents.

1.9   **Producing Person**: A party that produces Discovery Material

1.10   **Spanish Actions**: (a) *Procedimiento ordinario núm. 1936/2020 seguido ante la Sección 3ª de la Sala de lo Contencioso-administrativo de la Audiencia Nacional* (Ordinary Proceedings no. 1936/2020 before the Third Section of the Contentious-Administrative Chamber of Spain's National High Court), along with any appeals therefrom, and (b) *Procedimiento ordinario núm. 991/2020 seguido ante la Sección 3ª de la Sala de lo Contencioso-Administrativo de la Audiencia Nacional*.(Ordinary Proceedings no. 991/2020 before the Third Section of the Contentious-Administrative Chamber of Spain's National High Court), along with any appeals therefrom.

1.11   **Spanish Courts**: The courts presiding over the Spanish Actions, including any appeal(s).

1.12   **Spanish Parties**:  The parties to the Spanish Actions.

1.13   **Receiving Person**: A party that receives Discovery Material.

2   **PURPOSES & SCOPE**

2.1   All Discovery Material (including, but not limited to, Confidential Discovery Material, Data Protection Discovery Material, and Highly Confidential Discovery Material) shall be used solely for purposes of the prosecution or defense of the Spanish Actions and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, or in connection with any other proceeding, whether judicial, governmental, administrative, or arbitral, no matter whether contemplated,

pending, or final, unless (a) otherwise agreed by Respondents, (b) in the public domain or available to the public otherwise than through breach of this Order, or (c) if not agreed by Respondents, as the Court may allow in its discretion on Applicant's application..  Applicant, the attorneys of record for Applicant, and all other persons receiving Discovery Material governed by this Order shall maintain such Discovery Material in a secure manner so as to avoid disclosure of its contents and shall take all reasonable steps to ensure that Discovery Material is (i) used only for the purposes specified herein and (ii) disclosed only to authorized persons, as provided herein.

3      **CONFIDENTIALITY**

3.1      Respondents shall have the right to identify and designate all or any part of Discovery Material as "Confidential" if Respondents believe in good faith that such Discovery Material contains or reflects information not publicly known, including non-public personal information, financial data, financial analysis, proprietary data, trade secrets, marketing or advertising data or plans, strategic or long range plans or projections, internal cost data or analysis, performance data, product research or development, customer or vendor data, contracts or agreements with third parties, or technological data, which is entitled to confidential treatment under the Federal Rules of Civil Procedure (including Rule 26(c)(1)(G)) or other applicable law or regulation.

3.2      Respondents shall have the right to identify and designate all or any part of Discovery Material as "Data Protection Confidential" if Respondents believe in good faith that such Discovery Material contains or reflects information that is subject to U.S. or foreign privacy, data protection, or secrecy laws or regulations, including, but not limited to, the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801 *et seq.* (financial information), and United Kingdom General Data Privacy Regulation and Regulation (EU) 2016/679 of the European Parliament and of the Council

of 27 April 2016 on the Protection of Natural Persons with regard to the Processing of Personal Data and on the Free Movement of Such Data, and Repealing Directive 95/46/EC (General Data Protection Regulation), 2016 O.J. (L119/1) (or any replacement thereof) (United Kingdom and European Union personal information).

3.3     Respondents shall have the right to identify and designate all or any part of Discovery Material as "Highly Confidential" if Respondents believe that such Discovery Material contains or reflects highly sensitive nonpublic commercial, proprietary, financial, business, or personal information, the disclosure of which is likely to cause serious harm to Respondents.  The following non-exhaustive list sets forth examples of information that may be considered "Highly Confidential": information related to negotiations with potential customers, investors, partners, or acquirers, disclosure of which would be seriously harmful to present or prospective business plans; confidential material regarding acquisition offers or expressions of interest, proposed transactions, or other business combinations, disclosure of which would be seriously harmful to present or prospective business plans, negotiations, or relationships; trade secrets or other proprietary technical or commercial information; or any nonpublic information that, if disclosed, could seriously damage an existing or potential business relationship.

3.4     The designation of physical or electronic documents or data (apart from depositions or other pretrial testimony) as Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material shall be made by placing or affixing on the Discovery Material, in a manner that will not interfere with its legibility, the words "Confidential," "Data Protection Confidential," or "Highly Confidential," as appropriate.  In cases where placing or affixing the word "Confidential," "Data Protection Confidential," or "Highly Confidential" on a piece of Discovery Material is impractical or impossible, the Producing Person shall insert a slip

sheet reflecting the confidentiality designation appropriate under this Order.  During any deposition or other on-the-record sworn testimony, if counsel for any Party reasonably believes that any answer to a question will result in the disclosure of Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, counsel may require that all persons other than the witness, reporter, counsel, and individuals entitled to view the Confidential Information as set forth in this Order leave the room during the relevant portion of the deposition or testimony.  Any Party shall have the right to designate on the record, or within ten (10) business days following receipt of the final transcript of the deposition, any portion of the transcript as Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable, subject to the guidelines established in Sections 3.1-3.3 above.  If such a designation occurs, the Party who has sought to adduce the testimony shall cause all so-designated portions of the transcript to bear the appropriate confidentiality designations by affixing the words "Confidential," "Data Protection Confidential," or "Highly Confidential" to the transcript, as applicable.

3.5    Except for instances in which a Producing Person inadvertently fails to designate Discovery Material as described in Section 4, *infra*, the designation of physical or electronic documents or data as "Confidential," "Data Protection Confidential," or "Highly Confidential," as appropriate, shall be made prior to, or contemporaneously with, the production or disclosure of that Discovery Material.

3.6    All information derived from Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including, but not limited to, extracts, summaries, compilations, and descriptions of such material, and notes, electronic images, or databases containing Confidential Discovery Material, Data Protection Discovery Material, or

Highly Confidential Discovery Material (collectively, "**Derivative Information**") shall be treated as "Confidential," "Data Protection Confidential," or "Highly Confidential," as applicable, in accordance with the provisions of this Order to the same extent as the Discovery Material or information from which such Derivative Information is made or derived.

3.7     Any Party submitting Discovery Material designated Confidential, Data Protection Confidential, or Highly Confidential to a U.S. court for any purpose, including to resolve any disputes within the scope of this Order, must seek leave to file such Discovery Material under seal.

3.8     The Parties agree that the production of Data Protection Discovery Material may require additional safeguards pursuant to U.S. or foreign laws, statutes, regulations, or obligations, including, but not limited to, the redaction of information that requires a designation of Data Protection Confidential pursuant to Section 3.2 hereto.  Any such redactions shall include the text "Redacted - Data Protection Confidential."

3.9     The Parties agree further that, to the extent Respondents claim that disclosure of any Discovery Material is prohibited, restricted or privileged by Article 248 of Spain's Royal Legislative Decree 4/2015, of 23 October, approving the Consolidated Text of the Securities Market Act, Respondents may withhold or redact such Discovery Material.  Any such redactions shall include the Text "Redacted – CNMV Confidentiality."  Any Discovery Material that Respondents redact or withhold pursuant to this Section 3.9 shall be logged pursuant to Section 3.10 below.  Applicant reserves all rights to challenge any such withholding or redaction on any ground (including on the ground that Applicant contends that Article 248 does not apply to documents held by private persons).  Respondents reserve all rights to oppose any such challenge.

3.10    To the extent that any documents designated Confidential, Data Protection Confidential, or Highly Confidential are withheld, they must be appropriately logged in a privilege log in accordance with Federal Rules of Civil Procedure Rule 26(a)(5).

3.11    The Parties shall abide by the requirements of this Order with respect to all designated Discovery Material produced during the course of this Action.

3.12    The designation of Discovery Material as Confidential, Data Protection Confidential, or Highly Confidential includes a representation by Providence and its counsel that it has made a determination in good faith that the specific Discovery Material designates warrants the protections accorded such material as set forth herein.

## 4    INADVERTENT FAILURE TO DESIGNATE

4.1    The inadvertent failure to designate Discovery Material as "Confidential," "Data Protection Confidential," or "Highly Confidential," or to withhold Discovery Material as confidential for any other reason, will not be a waiver of a claim that the information is entitled to such treatment, and will not prevent Respondents from designating such information as "Confidential," "Data Protection Confidential," or "Highly Confidential" at a later date in writing.

4.2    Respondents may designate Discovery Material as "Confidential," "Data Protection Confidential," or "Highly Confidential" that was not designated when it was produced by: (i) notifying Applicant, which, in turn, must promptly notify all other Receiving Persons, of such designation in writing; and (ii) with respect to a document, producing a replacement copy of the document (utilizing the same Bates number as on the originally produced version).  Upon receiving such notice, Applicant and any other Receiving Person shall thereafter mark and treat the Discovery Material as "Confidential," "Data Protection Confidential," or "Highly Confidential," as applicable, from the date of such supplemental notice going forward.  In addition,

upon receiving such notice, any person who received the "Confidential," "Data Protection Confidential," or "Highly Confidential" information prior to its designation shall exercise its reasonable, good-faith efforts to: (i) ensure the return or destruction of such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including any Derivative Information, by any person not authorized to receive such Discovery Material under the terms of this Order; (ii) ensure that any Derivative Information derived from such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material is treated as if it had been Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable, when originally derived; (iii) ensure that such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including any Derivative Information, is not further disclosed except in accordance with the terms of this Order; and (iv) ensure that any such Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, including any Derivative Information, is used solely in accordance with this Order.

4.3     Notwithstanding the foregoing, there shall be no obligation to retrieve information that has already been submitted to a court or been made available to the public through no breach of this Order.

4.4     Any damages sustained by Respondents as a result of, and that can be traced to, disclosure of Discovery Material that Respondents inadvertently failed to designate as "Confidential," "Data Protection Confidential," or "Highly Confidential" prior to the discovery and designation of such material by Providence as "Confidential," "Data Protection Confidential," or "Highly Confidential" shall not provide Providence with a basis for a claim against Applicant.

5      **CHALLENGES TO DESIGNATIONS**

5.1      Applicant may, at any time prior to Final Disposition, submit a written objection to a designation hereunder to Respondents.

5.2      Within seven (7) days after receipt of a written challenge, Respondents must advise Applicant whether they will change the designation.

5.3      If Applicant and Respondents are unable to reach agreement after the expiration of this seven (7)-day period, they shall meet and confer in an attempt to resolve the matter.  If they cannot resolve the issue, Applicant may seek an order from this Court to alter the status of the designated Discovery Material.

5.4      While any such motion is pending, the Discovery Material shall remain "Confidential," "Data Protection Confidential," or "Highly Confidential" as applicable, and it will continue to be protected by this Order during such time.

6      **DISCLOSURE AND USE OF DESIGNATED DISCOVERY MATERIAL**

6.1      Without the written consent of Respondents or by an order of the Court, neither Applicant nor any other Receiving Person shall, directly or indirectly, disclose, summarize, characterize, or describe any Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, in whole or in part, except that disclosure may be made to the following persons, provided that such persons are informed of, and agreed to be bound by, the terms of this Order:

   6.1.1   This Court, the Spanish Courts, their personnel (including attorneys, court representatives, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its functions)**,** provided however, that before doing so, Applicant must comply with the terms of Section 7 below;

   6.1.2   in-house counsel managing litigation for Applicant and Stacy Scheehle, Reade Griffith, Sean Côté, Nicolas Dautigny, and Santos Palacios, who Applicant represents are employees who are required in good faith to

provide assistance in the conduct of the Action or the Spanish Actions, as well as such other of Applicant's employees agreed to in writing by Respondents, provided that with regard to Highly Confidential Discovery Material, disclosure shall be limited to in-house counsel managing litigation for the Parties;

6.1.3   external counsel for Applicant who have been retained to represent Applicant in connection with this Action or the Spanish Actions and their supporting personnel (including paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services, as well as any persons requested by counsel to furnish services such as document and data hosting, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents);

6.1.4   experts or consultants retained by Applicant for purposes of assisting Applicant and/or its counsel in the preparation and presentation of the claims or defenses in the Spanish Actions, provided that any report created by such experts or consultants relying on or incorporating Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, in whole or in part, shall be designated as "Confidential," "Data Protection Confidential," or "Highly Confidential," as appropriate by the party responsible for its creation, and provided further, that such experts or consultants have signed an undertaking in the form attached as Exhibit A hereto;

6.1.5   in the case of Confidential Discovery Material, the author of any Confidential Discovery Material and/or the person or persons to whom the Confidential Discovery Material was addressed or delivered;

6.1.6   in the case of Data Protection Discovery Material or Highly Confidential Discovery Material, the author of any Data Protection Discovery Material or Highly Confidential Discovery Material and/or the person or persons to whom the Data Protection Discovery Material or Highly Confidential Discovery Material was addressed or delivered, but only when the identification of such person is apparent from the face of the document or the metadata of the document that has been designated Data Protection Confidential Material or Highly Confidential Discovery Material;

6.1.7   in the case of Data Protection Discovery Material or Highly Confidential Discovery Material, any fact witness or deponent, or any other person being examined in an on-the-record proceeding in the Spanish Actions (collectively, "**Witnesses**") and their counsel, to the extent that the Data Protection Discovery Material or Highly Confidential Discovery Material disclosed to such person relates to the anticipated or actual subject matter of the Witnesses' testimony, and provided that such Witnesses and their

counsel, if applicable, have signed an undertaking in the form attached as Exhibit A hereto;

6.1.8   in the case of Confidential Discovery Material, any person and their counsel whom a Party's counsel believes in good faith may be a Witness in the Spanish Actions, to the extent that the Confidential Discovery Material disclosed to such person relates to the anticipated subject matter of the potential testimony, and provided that such potential Witness and its counsel, if applicable, has signed an undertaking in the form attached as Exhibit A hereto; and

6.1.9   any mediators or arbitrators, including their necessary staff, engaged by the Parties for settlement purposes in the Spanish Actions, provided that such mediators or arbitrators have signed an undertaking in the form attached as Exhibit A hereto.

6.2     Confidential Discovery Material, Data Protection Discovery Material, and Highly Confidential Discovery Material may be disclosed to a person who is not already allowed access to such Discovery Material under Section 6.1 of this Order, as applicable, if Respondents agree in writing that the material may be disclosed to such person or (if Respondents do not agree upon Applicant's request) if this Court allows it on the application of Applicant.

6.3     If Applicant or any other Receiving Person learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, Applicant must immediately: (i) notify, in writing, the Producing Person of the unauthorized disclosure; (ii) use best efforts to retrieve all copies of the Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable; (iii) inform the person or persons to whom unauthorized disclosure was made of the terms of this Order; and (iv) request that such person or persons execute the undertaking in the form attached as Exhibit A hereto.

6.4     Nothing in this Order shall be construed to limit Respondents' use or disclosure of their own Discovery Material designated hereunder as "Confidential," "Data Protection

Confidential," or "Highly Confidential."  In addition, nothing in this Order shall prevent or in any way limit disclosure, use, or dissemination of any document or information that is or comes to be in the public domain (other than as a result of disclosure by Applicant or any other Receiving Person(s) in violation of this Order) or that Applicant has otherwise obtained from sources independent of Respondents without violation of this Order.

7       **FILING DESIGNATED DISCOVERY MATERIAL**

7.1     In connection with any disclosure of Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material in the Spanish Actions, Applicant shall use its best efforts to ensure such Discovery Material is accorded the maximum level of protection available under Spanish or other applicable law, in order to restrict the disclosure to those persons entitled to see such Discovery Materials pursuant to the terms of this Order.

7.2     In connection with any disclosure of Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material in this Action, Applicant shall ensure such Discovery Material is accorded the maximum level of protection available under applicable law, including by filing such Discovery Material under seal and/or obtaining other appropriate confidentiality agreements or orders to restrict the disclosure to those persons entitled to see the Discovery Materials pursuant to the terms of this Order.

8       **NO PREJUDICE**

8.1     Producing or receiving Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, or otherwise complying with the terms of this Order, or entering into this Order, will not: (i) prejudice the rights of Respondents to object to the production of information or material that Respondents do not consider to be within the scope of discovery; (ii) prejudice the rights of any Party to apply to the Court for further

protective orders or for any modification to this Order; or (iii) prejudice the rights of any Party to object, including in the Spanish Actions, to the relevance, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Order. For the avoidance of doubt, nothing in this Order or the designation of Discovery Material pursuant to this Order shall be construed as an admission or adjudication of any kind, including, but not limited to, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, reasonably calculated to lead to the discover of admissible evidence, or proportional to the needs of the case.

8.2     Nothing in this Order shall require disclosure of information that Respondents contend is protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable immunity, privilege, or prohibition from disclosure, including, without limitation, pursuant to Article 248 of Spain's Royal Legislative Decree 4/2015, of 23 October, approving the Consolidated Text of the Securities Market Act.  Nor shall this Order be construed to require disclosure in instances in which such disclosure would breach an agreement with another Party or non-party, or violate a court order, including an order of the Spanish Courts, to maintain such information in confidence.

9       **INADVERTENT PRODUCTION OF DISCOVERY MATERIAL SUBJECT TO PRIVILEGE OR CONFIDENTIALITY CLAIMS**

9.1     If Discovery Material subject to a claim of attorney-client privilege, the attorney work product doctrine, or any other protection from or prohibition on discovery or disclosure— such as pursuant to Article 248 of Spain's Royal Legislative Decree 4/2015, of 23 October, approving the Consolidated Text of the Securities Market Act—is inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, the attorney work product doctrine, or any other applicable

discovery protection or prohibition to which Respondents would otherwise be entitled or obligated. Respondents may notify Applicant, which in turn must notify any other Receiving Person within two (2) days, of Respondents' claim of inadvertent production at any time.

9.2    If Respondents inform Applicant in writing that Respondents have inadvertently produced privileged or otherwise strictly confidential Discovery Material, Applicant shall not use such Discovery Material for any purpose whatsoever, and it shall have fourteen (14) days to: (i) return the Discovery Material and all copies thereof to Respondents and destroy all records of the contents of such Discovery Material (including any Derivative Information); or (ii) notify Respondents in writing of an objection to the claim of privilege or confidentiality, along with the grounds for the objection, and/or an assertion that any privilege has been waived.  If Applicant takes no action within fourteen (14) days of Respondents informing Applicant in writing that Respondents have inadvertently produced privileged or strictly confidential Discovery Material, Applicant shall be deemed to have waived any objection to the claim of privilege or strict confidentiality.  If Applicant objects to the claim of privilege or strict confidentiality and/or asserts that the privilege has been waived, Respondents shall meet and confer with Applicant in a good faith effort to resolve the disagreement. If Applicant and Respondents are unable to resolve their dispute within fourteen (14) days after they meet and confer, then Applicant shall provide to Respondents written notice of the dispute, which shall memorialize the attempt to resolve the dispute.  Either Party may then move for an order on the status of the Discovery Material within fourteen (14) days after Applicant provides Respondents written notice of the dispute.  If Applicant takes no action within fourteen (14) days after providing Respondents with written notice of the dispute, Applicant shall be deemed to have waived any objection to the claim of privilege or strict confidentiality.  Nothing in this Order shall alter or waive the standards and burden applicable to

any motion concerning privilege or waiver of privilege.  During the pendency of such a motion, Applicant may retain the disputed Discovery Material (including any Derivative Information) and all copies thereof, but shall make no further use of it other than is necessary in connection with the proceedings on the motion.  Any copy of such Discovery Material submitted to this Court in connection with the motion shall be filed under seal.

9.3    Upon a determination by the Court that the Discovery Material is privileged, protected work product, or otherwise protected or prohibited from disclosure, including pursuant to Spanish law, Applicant and any other Receiving Person shall return the Discovery Material and all copies thereof to Respondents or certify to Respondents in writing that best efforts have been undertaken to destroy all such copies, along with all records of the contents of such Discovery Material (including any Derivative Information).

9.4    Consistent with Section 16.1 below, the Order remains in effect even after Final Disposition such that any Discovery Material (including any Derivative Information) that should have been destroyed but were not are still subject to the Order.

10    **DUPLICATE DISCOVERY MATERIAL**

10.1    In the event that Respondents produce two or more identical copies of Discovery Material and any copy is designated "Confidential," "Data Protection Confidential" or "Highly Confidential," while other copies are not so designated, and Applicant is aware of such discrepancy, all such identical Discovery Material shall be treated as designated whichever of the conflicting designations affords the greatest protection (*i.e.*, either Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, as applicable).  Upon identifying such inconsistent designations, Applicant shall notify Respondents of the existence and Bates numbers or other identifying information of the non-designated or not

properly designated copies. Respondents shall then promptly inform Applicant as to whether the documents are to be treated as "Confidential," "Data Protection Confidential," or "Highly Confidential" and shall undertake to reproduce the document(s) at issue with the appropriate designation.

11     **FINAL DISPOSITION**

11.1     Within ninety (90) calendar days after the Final Disposition, Applicant and any other Receiving Person is under an obligation to return to Respondents, or undertake best efforts to destroy, all Discovery Material, and to certify to Respondents that this destruction or return has been completed (it being understood that if copies are later discovered they too shall be destroyed and may not be further used, and that the Order remains in effect).  However, outside counsel for Applicant are entitled to retain all court papers, trial transcripts, exhibits, and attorney work product, provided that any such materials containing Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material, are maintained and protected in accordance with the terms of this Order.

12     **SUBPOENAS FOR PRODUCTION OF DESIGNATED DISCOVERY MATERIAL**

12.1     In the event that Applicant or any other Receiving Person (or its counsel) is served with a subpoena for the production of any Discovery Material covered by this Order, then Applicant shall, within five (5) days of the receipt of the subpoena, provide a copy of the subpoena to Respondents, who shall be responsible for objecting to the subpoena and defending any action to enforce the subpoena to the extent the subpoena calls for production of any Discovery Material covered by this Order. Applicant and any other Receiving Person shall take all reasonable steps to abide by any such objections.  Furthermore, Applicant or any Receiving Person (or its counsel) shall not disclose any Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material subject to the subpoena prior to the later of the conclusion

17

of the deadline for complying with the subpoena or the time in which the relevant court rules on any motion filed by Respondents objecting to the subpoena, except that nothing in this Order shall require Applicant or any Receiving Person to disobey or contest a court's order or to violate any law or government directive requiring the production of Confidential Discovery Material, Data Protection Discovery Material, or Highly Confidential Discovery Material.

## 13   AMENDMENT

13.1     Nothing in this Order shall interfere with the Court's authority to amend the terms of this Order or to enter such further relief as it determines to be appropriate.

## 14   REMEDIES

14.1     It is **ORDERED** that this Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(a) and any other sanctions as may be available to the Court, including the power to hold Parties or other violators of this Order in contempt.  All other remedies available to any person injured by a violation of this Order are fully reserved.

## 15   RETENTION OF JURISDICTION

15.1     The Court retains jurisdiction over this Action, the Parties, and any person who has signed an undertaking in the form attached as Exhibit A to this Order to resolve all disputes regarding this Order, including regarding Applicant's use of Discovery Material produced subject to this Order.  To enable the Parties to promptly raise any such disputes before the Court, the Action shall remain open until the Final Disposition.

## 16   MISCELLANEOUS

16.1     The terms of this Order shall survive any settlement, discontinuance, dismissal, judgment, or other disposition of this Action and the Spanish Actions.

16.2     The Parties agree to comply with the terms of the Order pending its entry by the Court.

16.3    This Order may be executed in any number of actual, telecopied, or emailed counterparts, each of which when executed and delivered shall be an original. The executed signature page(s) from each actual, telecopied, or emailed counterpart may be joined together and attached to one such original and shall constitute one and the same instrument.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: June 15, 2021

/s/ *Linda H. Martin*
Linda H. Martin
Henry V. Hutten
**FRESHFIELDS BRUCKHAUS DERINGER US LLP**
601 Lexington Avenue, 31st Floor
New York, New York 10022
linda.martin@freshfields.com
henry.hutten@freshfields.com
Telephone: (212) 277-4000
Fax: (212) 277-4001

*Counsel for Respondents*

/s/ *Vincent Levy*
Vincent Levy
Prishika Raj
**HOLWELL SHUSTER & GOLDBERG LLP**
425 Lexington Avenue, 14th fl
New York, New York 10017
Tel.: (646) 837-5151
Email: vlevy@hsgllp.com

*Counsel for Polygon Global Partners LLP*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: June 16, 2021

_____
Hon. Edgardo Ramos

<u>EXHIBIT A</u>

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re Application of<br><br>POLYGON GLOBAL PARTNERS LLP,<br><br>Applicant. | Case No. 21-mc-00364-ER |

<u>CONFIDENTIALITY ATTESTATION</u>

I, _____, hereby attest to my understanding that Discovery Material may be provided to me pursuant to the terms, conditions, and restrictions of the Stipulated Protective Order (the "**Order**") signed by the Parties to the action captioned *In re Application of Polygon Global Partners LLP,* Case 21-mc-00364-ER.  I have been given a copy of the Order, have reviewed it and/or discussed its meaning and effect with the attorneys providing me with such information and documents, and I hereby agree to be bound by its terms.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including, but not limited to, contempt of court.

I submit to the jurisdiction of the U.S. District Court for the Southern District of New York for enforcement of the Order.  I waive any argument that the U.S. District Court for the Southern District of New York is an inconvenient forum or improper venue for any legal proceeding related to the enforcement of the Order.

I further agree that I shall not disclose to others, except in accordance with the Order, information or documents provided to me pursuant to the Order, and that such information and

1

documents shall be used only for the purpose described in Section 2 of the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____          Signature:_____

                               Print Name:_____