# HOLWELL SHUSTER & GOLDBERG LLP

*425 Lexington Avenue*
*New York, New York 10017*
*Tel: (646) 837-5151*
*Fax: (646) 837-5150*
*www.hsgllp.com*

*Vincent Levy*
*646-837-5120*
*vlevy@hsgllp.com*

October 5, 2021

VIA ECF
Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

> The parties are directed to submit an expedited briefing schedule on consent.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: 10/07/2021
> New York, New York

Re:  *In re Application of Polygon Global Partners LLP for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding,* No. 1:21-mc-00364

Dear Judge Ramos:

We write on behalf of Petitioner Polygon Global Partners LLP ("Polygon") in the referenced Section 1782 proceeding, under the Rule 2(A)(i) of the Court's Individuals Rules of Practice, to respectfully request leave to file a motion to compel Respondent Kohlberg Kravis Roberts & Co. LP ("KKR") to produce documents withheld by KKR on privilege grounds. The dispute between the parties concerns legal issues relating to KKR's privilege claims. The parties met and conferred in writing and telephonically, but remain at impasse as to applicable legal standards. Polygon respectfully submits the dispute can best be resolved by motion, and, given recently imposed deadlines in the underlying Spanish suits, respectfully requests that the Court set an expedited briefing schedule.

## I. Background

As this Court may recall, Polygon is the complainant in two actions in the Spanish Audiencia Nacional. In those actions, Polygon is challenging administrative decisions of Spain's principal securities regulator, the Spanish National Securities Market Commission (Comisión Nacional del Mercado de Valores, or "CNMV"), by which the CNMV approved the acquisition and delisting of the stock of a Spanish communications company, MasMovil.

This past spring, the Court granted Polygon leave to obtain discovery from KKR for use in the two Spanish proceedings (Dkt. 9, 14). Then, in June 2021, the Court denied KKR's motion to quash the subpoenas (Dkt. 35). KKR thereafter made its document productions on a rolling basis. It finished those productions on September 17, and provided a privilege log that same day. Thereafter, Polygon identified certain categories of documents, further described below, as to which Polygon believed KKR had not adequately substantiated its privilege claims, and the parties then conferred.

As described above, the documents are sought for use in two Spanish proceedings. After KKR served its log, the Spanish court set **October 21, 2021** as Polygon's deadline to submit its case-initiating pleading in the second case. Although Polygon will retain the ability to use evidence obtained here in the two Spanish actions after that date, that ability will be more limited, because Spanish procedure generally requires parties to submit their evidence with the case-initiating pleading. As a result, the discovery dispute described below is now a matter of some urgency.

## II. The Parties' Privilege Disputes

Polygon is challenging KKR's withholding and/or redacting three categories of documents. *First*, KKR has withheld or redacted documents that reflect or discuss communications with the CNMV, which is a third party, and which therefore could not be privileged. KKR claims it may withhold these documents under Article 248 of Spain's Royal Legislative Decree 4/2015 ("Art. 248"). Much like the Freedom of Information Act exemption in the U.S. safeguarding trade secrets, however, Art. 248 merely requires the CNMV and persons acting *for* it to maintain the secrecy of confidential information received by the CNMV in the exercise of its regulatory functions. Art. 248 imposes no obligations on private parties not performing government work. Regardless, Art. 248 states that it cannot be used to shield documents from disclosure in response to process in a civil action; thus, "the duty of secrecy regulated by this article [248] shall not apply … where the data are demanded by the competent legal authorities or the public prosecutor in criminal proceedings, or in a civil suit[.]"

*Second*, KKR has withheld hundreds of its communications with third-party advisors, such as Morgan Stanley, Barclays, Deloitte, Sard Verbinnen and Tinkle. Attorney-client privilege is waived where privileged communications are disclosed to a third party, such as an investment banker or PR firm, unless the third-party is necessary to "translate or interpret information given to [the attorney] by his client." *United States v Ackert*, 169 F.3d 136, 139-40 (2d Cir. 1999). KKR has articulated a looser standard under which it has withheld communications where the presence of third parties was alleged merely to be helpful to the rendition of legal advice. KKR has also claimed that it may still invoke Spanish law to withhold these documents, but has not yet done so or explained how Spanish law might differ. But the time to invoke Spanish law has passed.

*Third*, Polygon disputes KKR's invocation of the common-interest doctrine to withhold its communications with other shareholders of the entity that took control of MasMovil. As a preliminary matter, KKR refused to identify which body of law protects these communications, asserting that they are protected under any body of law. And they are not protected under federal common law either, because KKR has not identified a shared legal, rather than merely commercial, interest. Even if KKR and other shareholders of the acquirer "were working together to achieve a commercial goal," that "cannot by itself result in an identity of interest between the parties." *Bank of America, N.A. v. Terra Nova Insurance Co. Ltd.,* 211 F.Supp.2d 493, 497 (S.D.N.Y. 2002). KKR, however, has not identified another basis to withhold these documents.

For these reasons, Polygon requests an expedited briefing schedule so its motion can be decided in in advance of Polygon's October 21, 2021 filing deadline in Spain.

Respectfully submitted,

/s/ *Vincent Levy*
Vincent Levy